# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

NICOLE C. HUYETT, Individually,
and as Administratrix of the Estate
of Alvin T. Huyett, II, Deceased                                            PLAINTIFF

V.                                                      CAUSE NO. 1:12CV51-LG-JMR

OMNI INSURANCE COMPANY                                                      DEFENDANT

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion for Summary Judgment [37] filed by Defendant Omni Insurance Company ("Omni") pursuant to Federal Rule of Civil Procedure 56. Plaintiff Nicole C. Huyett ("Huyett") sues on her own behalf and as the administratrix of the estate of her deceased husband, Alvin T. Huyett, II. Omni seeks dismissal of Huyett's complaint, or in the alternative, a dismissal of Huyett's bad faith and punitive damages claims. Huyett has filed a response opposing the motion, and Omni has filed a rebuttal. The Court has reviewed the parties' briefs and the relevant legal authority. For the reasons discussed below, the Motion is granted in part and denied in part.

### BACKGROUND

This action arises out of a January 2009 automobile accident in which Plaintiff's husband, Alvin Huyett II ("Mr. Huyett"), was killed while driving Plaintiff's automobile. Mrs. Huyett's automobile was insured under an Omni policy in her name. Huyett had not added her husband to her car insurance policy. The couple had married approximately five (5) months before the accident.

According to Huyett, her husband was driving her vehicle at the time of the accident because his own car was in need of repairs. Mr. Huyett's vehicle was insured through Allstate Insurance Company. Huyett filed a claim with Allstate after the accident, seeking to collect benefits under her husband's policy. Allstate denied the claim. (*See* Pl.'s Resp. Ex. D, ECF No. 47-4).

Huyett also filed a claim with Omni under her own insurance policy. Omni denied her claim based on an exclusion in her policy. Its letter to Huyett cited "Part D – Coverage for Damage to your Auto Exclusion number 16." (Pl.'s Mem. Ex. C, ECF No. 47-3). This provision provides that Omni will not pay for "[l]oss to your covered auto while being driven, maintained or used by any person who is a resident of your household and is not listed on the Declarations page as a driver or operator." (*Id. See also* Def.'s Mem. Ex. A 17-18, ECF No. 38-1).

Huyett filed suit against Omni, alleging that it improperly denied her claim, and failed to properly investigate facts relevant to her claim. She seeks actual and punitive damages, attorney's fees, costs, and pre-and post-judgment interest.

Omni moved to dismiss Huyett's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), but the Court denied the motion. (*See* Order Denying Mot. to Dismiss, ECF No. 32). The parties have since conducted discovery. Omni now moves for summary judgment, and argues that (i) Huyett is not entitled to coverage for the accident under the plain language of her policy, (ii) she cannot demonstrate her claim was denied in bad faith, and (iii) she is not entitled to punitive damages. Huyett responds that there are genuine issues of material fact that preclude entry

of summary judgment. She maintains that Omni should have considered her claim as one not only for property damage, but also for liability and uninsured motorist coverage.

**DISCUSSION**

**I. Standard of Review**

A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once Omni, as the moving party, has satisfied this requirement, Plaintiff, who has the burden of proof at trial, bears the burden of proof at the summary judgment stage to show that the motion should not be granted. *See id.* at 322-25. Huyett may not rest upon mere allegations or denials in her pleadings but must set forth specific facts showing the existence of a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

**II. Huyett's Insurance Policy**

Omni argues that the plain and unambiguous language of Huyett's insurance policy excludes her claims. It asserts that Huyett's uninsured motorist claims are excluded under Part C of her policy, and that her property damages claims are excluded under Part D.

*Uninsured Motorist Coverage*

Part C of Huyett's policy sets forth her Uninsured Motorists Coverage ("UM coverage"). The policy specifically excludes UM coverage for any property damage "sustained . . . [w]hile your covered auto is operated by a resident of your household who is a regular and frequent user of your covered auto but is not listed on the Declarations page as a driver or operator." (Def.'s Mem. Ex. A 14, ECF No. 38-1).

Omni argues that Huyett has admitted that her husband was a resident of her household, and that he was "regular and frequent user" of her automobile, and therefore the exclusion applies. Huyett responds that there are questions of fact with respect to whether her husband was a member of her household, and whether he was a regular and frequent driver of her automobile.

Omni submits Huyett's deposition, in which she testified that her husband was a tug boat captain who worked shifts that required him to be away for 28 days, followed by seven days at home. (Def.'s Mem. Ex. E 16, ECF No. 38-5). Huyett testified that after she and her husband were married, she moved into his home, but that she "did not let go of [her] old house immediately." (*Id.* at 13). She testified that she was "back and forth" between the two residences, but that, "basically," during the seven days Mr. Huyett was at home following his shift, she resided with him. (*Id.* at 14, 16). There is no suggestion that Mr. Huyett maintained an additional residence. Some months after the accident, Huyett gave up her premarital residence and continued to live in Mr. Huyett's home. (*Id.* at 12).

With respect to how frequently Mr. Huyett used her automobile, Huyett

testified:

> Q. Okay. And prior to the accident how often did your husband drive that car?
>
> A. I'd say less than two times a month.
>
> . . .
>
> Q. And if you and he would go somewhere together during the course of the marriage whose car would you drive?
>
> A. Whichever one was in the back.
>
> Q. And when you two would drive somewhere together who would drive?
>
> A. We took turns, we both drove.
>
> Q. Would you say that one or the other of you would drive you jointly or more frequently or would it be an equal balance of taking turns?
>
> A. I don't know.

(Def.'s Mem. Ex. E 20, ECF No. 38-5). Huyett stated that Mr. Huyett began driving her car at this frequency during the approximately two years they were together prior to their marriage. (*Id.*)

The Court finds that there is no genuine issue of material fact with respect to whether Mr. Huyett was a member of Huyett's household. The fact that Huyett maintained two homes during the marriage does not mean that her husband was not a resident of *either* of those households, or that she was not a resident of his. Huyett testified that she moved in with Mr. Huyett after they were married, and that she stayed at his home when he was there. (*See* Def.'s Mem. Ex. E 14-16, ECF

No. 38-5). She never indicated any intent to move out of Mr. Huyett's home, and has since given up her own premarital home. Even when the facts are viewed in the light most favorable to Huyett, her testimony establishes that Mr. Huyett was a resident of her household.

The Court further finds, however, that there is a question of fact as to whether Mr. Huyett was "a regular and frequent user" of Huyett's automobile.

Huyett testified that her husband drove her car less than two times a month over a period of maybe two and a half years. This fact must be construed in the light most favorable to Huyett. Moreover, under Mississippi law, "[i]nsurance contracts are construed strictly against the insurer and in favor of the policyholder." *Johnson v. Preferred Risk Auto. Ins. Co.*, 659 So. 2d 866, 871-72 (Miss. 1995) (citing *Mut. Ben. Health & Acc. Ass'n v. Blaylock*, 163 Miss. 567, 573, 143 So. 406 (1932)). The Court understands that insurance policies include exclusions like this one so that premiums are charged for all of the automobile's regular drivers. But Omni has not cited, and the Court is not aware of, any case law finding that the use of an automobile less than twice a month amounts to "regular and frequent." Therefore, Omni is not entitled to judgment as a matter of law on Huyett's claim that she was wrongfully denied uninsured motorist coverage.

*Property Damage Coverage*

Huyett's property damage coverage is contained in Part D of her insurance policy, which includes the following exclusion: "We will not pay for . . . [l]oss to your covered auto while being driven, maintained or used by any person who is a

resident of your household and is not listed on the Declarations page as a driver or operator." (Def.'s Mem. Ex. A 17-18, ECF No. 38-1). This is the exclusion cited in Omni's letter denying Huyett's claim. In its Motion for Summary Judgment, Omni argues that the plain, unambiguous language of the policy prohibits Huyett from recovering under Part D of her policy.

The Court finds that, even when viewing the facts in the light most favorable to Huyett, there is no genuine issue of material fact with respect to whether this exclusion applies to her claim. Mr. Huyett was a resident of her household, and it is undisputed that Mr. Huyett was not listed on the declarations page of her policy. Unlike the exclusion in Part C, this exclusion does not require that the driver be a regular and frequent user of the automobile. Under Mississippi law, where the language of the policy is clear and unambiguous, it should be construed as written. *See Lowery v. Guar. Bank & Trust Co.*, 592 So. 2d 79 (Miss. 1991) (citations omitted). In light of the plain language of this exclusion, Omni is entitled to summary judgment with respect to Huyett's claim that she was wrongfully denied coverage for property damage.

### III. Bad Faith Claim

In order to prove a claim of bad faith on the part of Omni, Huyett must show that Omni "denied the claim (1) without an arguable or legitimate basis, either in fact or law, and (2) with malice or gross negligence in disregard of [her] rights." *U.S. Fid. & Guar. Co. v. Wigginton*, 964 F.2d 487, 492 (5th Cir. 1992) (citing *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 872 (5th Cir. 1991)). Huyett must

demonstrate that Omni's refusal is something beyond "mere negligence in performing the investigation." *Liberty Mut. Ins. Co. v. McKneely*, 862 So. 2d 530, 534 (¶ 12) (Miss. 2003).

In response to Omni's arguments that she has failed to establish either requirement for a showing of bad faith, Huyett simply submits that Omni has not produced evidence that it investigated Huyett's claim with respect to liability coverage (Part A of her policy) or uninsured motorist coverage (Part C of her policy). Huyett makes no argument as to why Omni should have provided coverage under Part A of her policy, or how a denial of such coverage amounts to bad faith. She argues that because Omni denied her claim based only on Part D of her policy, it failed in its duty to adequately investigate her claim.

Mississippi law does impose a duty on insurance companies to "promptly and fully investigate any claim," *Life & Cas. Ins. Co. of Tenn. v. Bristow*, 529 So. 2d 620, 623 (Miss. 1988). But as the plaintiff with the burden of proof at trial, Huyett must point to something in the record that creates a dispute of fact with respect to whether Omni denied her claims (under any part of her policy) without a legitimate basis *and* with malice or gross negligence. The only evidence Huyett has presented to the Court are correspondence from Omni and Allstate denying her claims. While these demonstrate that she was denied coverage, they cannot be said to establish malice or gross negligence on the part of Omni, or that it had no arguable basis for

denying her claim.[1]

The Court finds that there is no genuine issue of fact as to whether Huyett's claim was denied in bad faith. As set forth above, Omni is entitled to summary judgment on her claim that she was wrongfully denied property damage coverage under Part D of her policy. With respect to uninsured motorist benefits under Part C, Omni maintains that the exclusion applies because Mr. Huyett was a regular and frequent driver of Huyett's car. While the Court has found there is a dispute of fact as to whether he was such a regular and frequent driver of Huyett's car, Omni still had an *arguable* basis to deny Huyett's claim based on the language of the exclusion. Also, Huyett does not point to any action on the part of Omni that could be characterized as malicious or grossly negligent, and has therefore not demonstrated either element of bad faith.

Huyett's complaint contains some allegations with respect to bad faith that she does not appear to maintain in her response to the Motion for Summary Judgment. The Court will briefly address these allegations because Omni's Motion to Dismiss was denied in part based on them. Huyett's complaint had alleged that

---

[1] In support of its argument that it did not deny Huyett's uninsured motorist benefits in bad faith, Omni asserts that Huyett's claim "was not submitted for . . . uninsured motorist coverage at the time coverage under the policy was sought." (Def.'s Rebuttal 2, ECF No. 50). Huyett has not provided information about which parts of her policy she originally sought coverage under, or when she first sought to collect uninsured motorist benefits. Omni's letter denying coverage to Huyett is dated February 16, 2009, and Allstate's is dated ten days later, February 26, 2009. (Pl.'s Mem. Ex. C, ECF No. 47-3; Ex. D, ECF No. 47-4). Huyett does not indicate when Omni should have known Allstate would deny her claim, therefore making Mr. Huyett an uninsured motorist for purposes of her claim.

Omni "failed to properly investigate the facts" and that "a denial was sent a mere three (3) days after the accident." (Compl. 3-4, ECF No. 1-3). The record, however, demonstrates that Omni sent Huyett a letter three days after the accident indicating that there was "a question whether coverage under this policy applies," citing the exclusion under Part D of her policy, and stating that "Omni will continue to handle this claim even though a coverage question exists." (Pl.'s Mem. Ex. B, ECF No. 47-2). The letter denying Huyett's claim was sent almost four weeks later, on February 16, 2009. (Pl.'s Mem. Ex. C, ECF No. 47-3). This allegation appears to have been abandoned, but regardless, Court does not find that the time period in which Omni denied the claim creates an issue of material fact with respect to bad faith.

Huyett's complaint also alleged that Omni "treated her with such gross and reckless negligence . . . by performing such acts as requiring a taped statement while the Plaintiff was at the funeral of her husband." (Compl. 4, ECF No. 1-3). Huyett's deposition testimony establishes that she spoke with an Omni representative by telephone two days after the accident while she was at the funeral home. But Huyett admitted that this telephone call may have been initiated by one of her family members, not Omni. (Def.'s Mem. Ex. E 30, ECF No. 38-5). Huyett also admitted that the Omni representative would not have had any basis for knowing she was at the funeral home. (*Id.* at 29). Moreover, Huyett did not maintain in her deposition or discovery responses that the phone call took place during her husband's funeral. (*See* Def.'s Mem. Ex. D 3, ECF No. 38-4). This

allegation also appears to have been abandoned in her current briefing, and the Court does not find a genuine issue of material fact with respect to a bad faith claim based on this record.

Huyett has not pointed to any fact that creates an issue as to whether Omni had no arguable basis to deny her claim, or that it acted with malice or gross negligence. Omni is entitled to summary judgment on Huyett's claim of bad faith.

**IV. Punitive Damages**

Omni moves for summary judgment with respect to Huyett's claim for punitive damages on the same grounds that apply to her claim of bad faith. In order to recover punitive damages from Omni under Mississippi law, Huyett must prove: (i) the insurer acted with malice or (ii) the insurer acted with gross negligence or reckless disregard for the rights of others. *Aetna Cas. & Sur. Co. v. Day*, 487 So. 2d 830, 832 (Miss. 1986). The insurer's actions must go beyond breach of contract, and rise to the level of an independent heightened tort, which is the product of "gross, callous or wanton conduct." *See State Farm Fire & Cas. Co. v. Simpson*, 477 So. 2d 242, 250 (Miss. 1985); *Pioneer Life Ins. Co. of Ill. v. Moss*, 513 So. 2d 927, 930 (Miss. 1987).

Again, Huyett has not demonstrated a genuine issue of material fact with respect to whether Omni acted with malice or gross negligence or in reckless disregard of her rights. She has not pointed to any conduct on the part of Omni that could be seen as "gross, callous, or wanton." For the reasons discussed above, Omni is also entitled to summary judgment on Huyett's claim for punitive damages.

Finally, Huyett's complaint also alleges a claim of tortious breach of contract, but this claim has not been addressed in the parties' briefings. Because Huyett has not made any effort to pursue this claim, the Court considers it abandoned.

## CONCLUSION

The Court finds that there is a genuine issue of material fact with respect to Plaintiff Huyett's claim that she was wrongfully denied uninsured motorist benefits, and therefore Defendant Omni Insurance Company is not entitled to summary judgment on that claim. There is no genuine dispute of fact with respect to Huyett's claim of wrongful denial of property damage coverage, her claim of bad faith, or her claim for punitive damages. Accordingly, Omni Insurance Company is entitled to summary judgment on those claims.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Omni Insurance Company's Motion for Summary Judgment [37] is **GRANTED IN PART and DENIED IN PART.**

**SO ORDERED AND ADJUDGED** this the 28th day of January, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE